IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 24, 2012

**STERLING LAMAR COOPER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Anderson County**
**No. B1C00002    Donald R. Elledge, Judge**

_____

**No. E2012-00383-CCA-R3-PC - Filed January 29, 2013**

_____

The Petitioner, Sterling Lamar Cooper, appeals the Anderson County Criminal Court's denial of post-conviction relief from his guilty plea convictions for possession with the intent to deliver a controlled substance less than 0.5 grams, a Class C felony, and possession with the intent to deliver a controlled substance more than 0.5 grams, a Class B felony, and his concurrent sentences of ten years and twenty years, respectively. On appeal, the Petitioner contends that the convictions should be vacated and the charges dismissed because (1) his sentences were illegal, (2) the trial court committed judicial misconduct, (3) the State committed prosecutorial misconduct, and (4) trial counsel provided ineffective assistance of counsel. We affirm the judgement of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

J. Thomas Marshall, Jr., District Public Defender; and Nancy Carol Meyer, Assistant District Public Defender, for the appellant, Sterling Lamar Cooper.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; David S. Clark, District Attorney General; and Sandra N.C. Donaghy, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

The Petitioner's complaints involve two Anderson County cases. He is serving his ten- and twenty-year Anderson County sentences concurrently with a sentence for a Roane County conviction. The judgment for the Roane County case is not in the record. The amended petition alleged:

> Petitioner was arrested on these charges and held in the Anderson County Jail pending trial. In the meantime, he was transferred to Roane County to address charges there. While in Roane County, he was advised that the Anderson County District Attorney had agreed that his plea offer on his charges there would be concurrent with Roane County, and that he would receive a total sentence of fifteen years, Range I. He agreed to that proposal and his plea in Roane County was entered.

The Petitioner ultimately received an effective twenty-year sentence when Anderson County prosecutors failed to make him a fifteen-year offer. The Petitioner sought specific performance of the alleged fifteen-year offer. At the beginning of the post-conviction hearing, the trial court advised the Petitioner that it did not have legal authority to modify the plea agreement.

The parties stipulated at the post-conviction hearing that the attorney who represented the Petitioner at the time of the Anderson County guilty pleas was not listed in the jail visitors' log from February 23, 2010, to August 11, 2010. Post-conviction counsel stated that it was possible that attorney visitors were not registered.

The Petitioner testified that he had been advised by his post-conviction attorney and the attorney's supervisor that specific performance of the alleged fifteen-year offer was not an available remedy. He maintained, however, that the law provided otherwise. The Petitioner claimed that he was illegally sentenced in Roane County because the plea agreement provided for disposition of the Anderson County charges. The Petitioner attempted to offer as an exhibit a purported handwritten plea agreement from Roane County, but the court sustained the State's objection to its relevance.

The Petitioner testified that his trial counsel did not discuss his case with him. He said that at a hearing on February 23, 2010, he elected not to enter into a plea agreement and understood that a trial date was set. He said that counsel visited him only once, in June 2010, before he was returned to Anderson County on August 10 for his August 11 trial. He said

that when he was taken to court for a trial, he learned that there was "some kind of plea agreement." He said that the trial court advised him the Anderson County prosecutor would honor his Roane County plea agreement but that the court stated it did not understand why the Roane County court agreed to something over which it had no control. He claimed he was advised in Roane County that an Anderson County prosecutor agreed to five-year, Range I concurrent sentences.

On cross-examination, the Petitioner acknowledged his signature on a document entitled "Waiver of Sentencing Pursuant to T.R.Cr.P. 11(e)(1)(C)" relative to the Anderson County cases. The document states that the Anderson County plea agreement was for a twenty-year, Range III sentence for the Class B felony and for a ten-year, Range III sentence for the Class C felony and that the sentences were concurrent with each other and concurrent with "the Department of Correction sentence he is now serving." He then stated that he did not know if the signature was his. He also stated that he doubted the signature on the document as well as another document setting forth the plea agreement and waivers of his rights were his. Both documents were dated August 11, 2010, the date of the guilty plea hearing. When shown the transcript of the February 23, 2010, Anderson County plea hearing, he denied that the document accurately stated his prior criminal convictions. He said his only prior felony conviction of which he was aware was a Roane County drug offense, for which he received a three-year sentence. He then testified:

> Q        Any other felony convictions?
>
> A        Not that I know, not that I can recall of. And I
>          went to trial on them, see what I'm saying? Then
>          the Judge found me guilty and that was supposed
>          to be appealed but it didn't go through appeal
>          [sic]. But anyway I shouldn't have had that many
>          convictions, like I was trying to tell you, . . . that
>          if I had all these priors going into March 18,
>          2009, Roane County wouldn't have gave [sic] you
>          all the opportunity to try the career or give me
>          persistent offender.
>
>          They had the opportunity and they had the
>          criteria. They had the credentials to do it there,
>          but they knew they didn't have it because they
>          knew I would have found out. See, I just recently
>          got all this information. See what I'm saying?

The Petitioner acknowledged that the Roane County conviction with a three-year sentence was a different Roane County conviction than the one he claimed was involved with the Anderson County cases.

The Petitioner testified that he was arrested and held in the Anderson County Jail on February 18 or 19, 2009. He said he was taken to Roane County on March 18, 2009, where he received a plea offer. He said he refused to plead guilty to the Roane County offense because he had outstanding Anderson County charges. He said:

> They [unidentified] said, let's call up there and find out what's going on. They said that you said that if I plea[d] to this 15-year sentence – see, it was concurrent, five-year sentences which would be 15 but it's really five. He said, all my charges including these would run concurrent.

The Petitioner stated that he only had one prior conviction at this point. He said he would not have agreed to plead guilty in Roane County had he not been told that the Anderson County prosecutor agreed with the disposition of the cases.

The Petitioner testified that he was taken to Northeast Correctional Complex in November 2009, and that his trial attorney visited him there only once, in June 2011. He said he contacted trial counsel "a few times on several occasions." He later stated that he had to call his aunt and use a three-way call in order to speak with counsel and that he spoke with counsel no more than three times. He testified inconsistently as to whether counsel ever visited him in the Anderson County Jail, stating he was unsure whether counsel visited him, that counsel visited him, and that counsel did not visit him. He denied that counsel ever gave him any documents related to his case and stated that he provided counsel with "information."

The Petitioner testified that before trial counsel represented him, he had two or three other attorneys. He said that when he was in Anderson County Criminal Court, the judge said he did not know what the Petitioner was talking about regarding the Roane County plea agreement's involving the Anderson County charges. The Petitioner said he told the court at that time he would not have pleaded guilty unless he had been promised that all of the sentences would be five-year, concurrent, Range I sentences. He said that on August 11, 2010, the trial court told him that the Anderson County prosecutor would honor the agreement from Roane County. He said the judge told him that if sentencing were for the judge's determination, the judge would "hit [him] with everything [the judge] could."

-4-

When asked about the August 11 transcript, in which he acknowledged that he was pleading guilty to a twenty-year sentence that would be concurrent to his other two cases, the Petitioner testified that there were "a lot of inconsistencies" in the transcript. He claimed, "A lot of stuff was omitted[.]" He said that he was advised during the hearing that the prosecutor would honor the Roane County plea agreement and that he relied on this representation.

Transcripts of the February 23, 2010 and August 11, 2010 Anderson County plea hearings were received as exhibits. The transcript of the February 23 hearing reflects that the Petitioner was not prepared to accept the plea agreement. The Petitioner acknowledged that if he did not accept the plea agreement and was found guilty, the State would have the opportunity to prove his nine prior convictions and his career criminal status. He also acknowledged his understanding that he might receive consecutive sentences that would result in an effective sentence of forty-five years at 60%. The court advised him that if he received this sentence, he would have to serve twenty-seven years before becoming eligible for parole consideration. The court advised him that if he accepted the plea agreement, he would receive concurrent sentences of twenty years and ten years to be served at 45% and that he would become eligible for parole consideration after serving nine years. The court allowed the Petitioner and his trial counsel the opportunity to consult for a period of time, after which the Petitioner advised the court that he wanted to accept the plea agreement. The court advised the Petitioner of the rights he was waiving pursuant to the plea agreement, and the Petitioner acknowledged his understanding. The Petitioner acknowledged his signature on a document entitled, "Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty" and said he read and understood the document. The court explained the plea agreement to the Petitioner, again reviewing the twenty-year, Range III sentence for the Class B felony and the concurrent Range III, ten-year sentence for the Class C felony. The court reviewed with the Petitioner that he would be required to serve 45% of the sentence before becoming eligible for parole consideration. The Petitioner said he understood the agreement. The Petitioner then stated, "I can't do this plea, I'm not going to. I'm not going to." The court stated that the case would be set for trial.

The transcript of the August 11, 2010 Anderson County plea hearing reflects that the Petitioner pleaded guilty and accepted the plea agreement he had previously rejected. The court again advised the Petitioner of the rights he waived pursuant to the plea agreement, and the Petitioner acknowledged his understanding. The Petitioner thanked the court for "working with" him. The court stated:

> Well, you know, your attorney presented to us documentation that was consistent with what you said. I don't understand how the other court agreed to something that they

-5-

have no control over this Court and quite candidly should you, in fact, have been convicted I would have sentenced you consecutively. But because that was the plea agreement that you entered into, the Attorney General wanted to honor that plea agreement so it's not me. I would have hit you for everything I could. Okay?

The Petitioner asked the court to convey his gratitude to the District Attorney General. The Petitioner acknowledged his signature on a document entitled "Waiver of Trial by Jury and Request for Acceptance of a Plea of Guilty." The court explained the terms of the plea agreement to the Petitioner, again noting the twenty-year, Range III sentence for the Class B felony and the concurrent ten-year, Range III sentence for the Class C felony. The court also advised the Petitioner that the Anderson County sentences would be concurrent to the previously imposed Roane County sentence. The prosecutor recited the factual basis for the plea, and the Petitioner acknowledged the truth of the facts stated and his guilt of the charges. The trial court asked if the Petitioner needed further explanation of anything regarding the plea agreement, and the Petitioner said he did not. The Petitioner agreed he was pleading guilty freely and voluntarily. The court accepted the pleas and imposed the sentences, again noting that the Petitioner was receiving an effective twenty-year sentence.

After receiving this proof at the post-conviction hearing, the trial court found that the plea agreement was explained to the Petitioner in court on two dates and that the Petitioner signed the guilty plea paperwork. The court found that the Petitioner received the terms of the plea agreement in Anderson County and noted that any complaints the Petitioner had about his Roane County sentence were beyond the jurisdiction of the Anderson County court. The trial court denied post-conviction relief. This appeal followed.

The Petitioner seeks dismissal of the charges on four bases. First, he contends that "the sentences are illegal because Roane County has no jurisdiction to sentence him on an Anderson County sentence." The Petitioner's attorney acknowledges in her brief that the judgments under attack were entered by the Anderson County court and do not contain any illegality. Second, the Petitioner contends that the trial court was guilty of judicial misconduct for unexplained reasons. Post-conviction counsel acknowledges that the record fails to reflect any judicial misconduct. Third, the Petitioner contends that the State was guilty of prosecutorial misconduct. Post-conviction counsel acknowledges that the record fails to reflect prosecutorial misconduct and states that the Petitioner has identified a statement of the *trial court* that constitutes *prosecutorial* misconduct. This court has reviewed the identified statement of the trial court at the post-conviction hearing, in which the court advised the Petitioner that he was not entitled to specific performance of the purported plea agreement as a post-conviction remedy and explained the available remedies

-6-

were either setting aside the plea agreement and proceeding to trial or dismissing the petition. Post-conviction counsel aptly concedes that judicial misconduct was not raised in the post-conviction petition. Finally, the Petitioner contends that trial counsel was ineffective. Post-conviction counsel fails to make any argument on the merits of this issue, merely noting that she has been unable to find any authority to support dismissal of charges as a post-conviction remedy for ineffective assistance of counsel. Dismissal of charges is not a remedy prescribed by the Post-Conviction Procedure Act. *See* T.C.A. § 40-30-111(a) (2012) ("If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, . . . the court shall vacate and set aside the judgment or order a delayed appeal as provided in this part[.]").

Despite the unavailability of the remedy sought, we will address the claims. In that regard, the trial court found that the Petitioner failed to prove any basis upon which relief might be granted. The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2012). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001).

We begin by noting the inconsistencies regarding the purported plea agreement. The amended petition alleges that the Petitioner was to receive an effective sentence of fifteen years to be served concurrently to his Roane County sentence. The Petitioner's post-conviction counsel stated at the hearing, "[The Petitioner's] position is that the state made an offer to him in Roane County which was for 15 years, Range 1 sentence concurrent on everything in Roane and Anderson Counties." The Petitioner testified, however, that his understanding was that he would receive five-year concurrent sentences pursuant to the Roane County agreement purporting to address the charges in Anderson County, as well. The Petitioner testified at one point about three sentences of five years each to be served concurrently, explaining they "would be 15 but it's really five."

In the trial court, the Petitioner sought specific performance of the purported plea agreement. On appeal, he seeks dismissal of the charges. The trial court found that the Petitioner received the terms of his Anderson County plea agreement and that the Roane County agreement was not within the court's jurisdiction. Any claim regarding a flaw in the Roane County agreement must be addressed to the Roane County Criminal Court, not the Anderson County Criminal Court. *See* T.C.A. § 40-30-114(a) (2012) (stating that a post-conviction proceeding is commenced by filing a petition with the clerk of the court in which the conviction occurred).

To the extent the Petitioner contends that the court should have enforced performance of a plea agreement other than the one the record reflects he made, the record does not support his claim that purported Roane County agreement called for a fifteen-year sentence in Anderson County. Rather, the record reflects a purported agreement in Roane County for the Petitioner to receive concurrent sentences for the Anderson County offenses. The record also reflects that the Anderson County prosecutor honored that agreement. The record of the Anderson County guilty plea hearings establish that the Petitioner's acknowledgment that he was receiving an effective twenty-year sentence and that it was his desire to plead guilty. The Petitioner expressed his appreciation to the court for "working with" him. The trial court acknowledged that the Petitioner's attorney provided documentation consistent with the Petitioner's claim regarding a Roane County agreement for concurrent sentencing and that despite the Roane County prosecutor's lack of authority to agree to a certain disposition of the Anderson County cases, the Anderson County prosecutor agreed to honor the purported agreement. At the post-conviction hearing, the court found that the Petitioner received the benefit of this bargain. The record supports the trial court's conclusion.

The petition did not raise prosecutorial or judicial misconduct issues, nor were these issues litigated at the post-conviction hearing. "Proof upon the petitioner's claim or claims for relief shall be limited to evidence of allegations of fact in the petition." T.C.A. § 40-30-110(c) (2012). "There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived." *Id.* at -110(f). The Petitioner waived consideration of these issues.

Turning to the Petitioner's allegations regarding the legality of the plea agreement, we note that the issue raised by the petition and litigated at the hearing was one of an unlawfully induced or involuntary guilty plea. The court found that the Petitioner accepted and received the benefit of the Anderson County plea agreement calling for an effective twenty-year sentence concurrent with the Roane County sentence. We will address it as such.

The United States Supreme Court has held that a plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. *See State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). A plea resulting from ignorance, misunderstanding, coercion, inducement, or threats is not "voluntary." *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). A petitioner's solemn declaration in open court that his or her plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

As we have noted, the trial court found that the Petitioner received the terms of his Anderson County plea agreement and that the Roane County agreement was not within the court's jurisdiction. Any claim that the prosecution in Roane County misled the Petitioner should have been pursued through a post-conviction action in Roane County. *See* T.C.A. § 40-30-104(a) (2012) ("A post-conviction proceeding is commenced by filing, with the clerk of *the court in which the conviction occurred*, a written petition naming the state as the respondent.") (emphasis added).

The ineffective assistance of counsel claim remains. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. *Id.* at 457. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2012).

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the Petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance fell below a reasonable standard is not enough because the Petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The *Strickland* standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. *State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the *Strickland* test. *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability means a "probability sufficient to undermine confidence in the outcome." *Id.* When a petitioner pleads guilty, he must show a reasonable probability that, but for the errors of his counsel, he would not have pled guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Adkins v. State*, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

The trial court did not specifically address the Petitioner's ineffective assistance of counsel claim. The record reflects, however, that the Petitioner testified that his

communication with trial counsel was infrequent, but the transcripts of the conviction proceedings reflect that the trial court explained the plea agreement to the Petitioner in detail and allowed time for trial counsel and the Petitioner to confer on one court date. The Petitioner acknowledged his understanding of his waiver of his rights and the terms of the agreement and indicated his desire to plead guilty and accept the terms of the agreement. The record does not support the Petitioner's claim that counsel's performance was deficient or that the Petitioner was prejudiced.

The Petitioner has failed to establish that he is entitled to relief. In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE